IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KELLY RAY HOLLIS, III                                                                                      PLAINTIFF

v.                                   Case No. 2:24-cv-02130-TLB

MERRICK GARLAND,
United States Attorney General;
DAVID CLAY FOWLKES,
Acting United States Attorney for the
Western District of Arkansas; and
STEFANIE TOMPKINS, Director of the
Defense Advanced Research Project Agency                                                DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is Defendants' Motion to Dismiss, or in the alternative, Transfer Venue filed on December 30, 2024. (ECF Nos. 8, 9). This matter has been referred to the undersigned for Report and Recommendation.

**I.       Background**

On October 11, 2024, Plaintiff initiated this action by filing a Complaint against Defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq ("FTCA"). (ECF No. 1). Plaintiff alleges that during his career in the United States Air Force, he was subjected to "severe intentional infliction of emotional distress," claiming he was part of a non-consensual human enhancement experiment and exposed to psychological hazing, mind distortions, extreme sleep deprivation, extreme experimental regimes, and abnormal communication at the hands of the Defendants. (*Id*. at 2-3). He maintains that the alleged brain machine interface and neurotechnology employed by DARPA caused him to lose control of his body. While stationed at Barksdale Air Force Base in Louisiana, Plaintiff insists the use of said technology caused him to be involved in a serious motor vehicle accident while en route to the grocery store. (*Id*. at 6).

Despite separating from the military in November 2021, Plaintiff avers he has continued to suffer from "abnormal behavior patterns [he] picked up during the phases of the experiment," including irregular shopping, irregular restaurant visits, irregular casino visits, and irregular car rides, rendering him unable to work. (*Id*. at 9). He now seeks $160,000,000 for both "noneconomic and economic injuries" for physical injury, financial loss, and lost time and potential, as well as an injunction against DARPA releasing him from their use of "voice to skull research communication" and "all military and federal applications attached" to him. (*Id*. at 11).

The Defendants have filed the present Motion to Dismiss or, in the alternative, to Transfer Venue to the Eastern District of Arkansas, citing Rules 8 and 12 of the Federal Rules of Civil Procedure. (ECF Nos. 8, 9). Plaintiff has filed no response and his time to do so has passed.

## II.     Applicable Law

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for "improper venue" in a pre-answer motion or a responsive pleading. FED. R. CIV. P. 12(b)(3). In reviewing the motion, the district court must accept the allegations contained in the complaint as true and draw all reasonable inferences from the complaint in favor of the plaintiff. *See Laseraim Tools, Inc. v. SDA Mfg.*, 624 F. Supp. 2d 1027, 1033 (E.D. Ark. Dec. 22, 2008); *see also Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Unlike motions to dismiss under Rule 12(b)(6), however, when ruling on a motion to dismiss for improper venue, the court may consider matters outside the pleadings. *George's Inc. v. Lloyd's of London Syndicate 4000 Issuing Certificate No. CPP1877167*, 2020 WL 6829959, *3 (W.D. Ark. Nov. 20, 2020).

If the defendant prevails on a Rule 12(b)(3) motion, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the*

*interest of justice*, transfer such case to any district or division in which it could have been brought." 28 U. S. C. § 1406(a).  The decision whether a transfer or a dismissal is "in the interest of justice," however, rests within the sound discretion of the district court.  *See e.g., U.S. v. Botefuhr*, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002); *Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *Gunn v. U.S. Dept. of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997); *Afifi v. United States Dept. of Interior*, 924 F.2d 61, 64 (4th Cir. 1991); and *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

The FTCA venue provision at issue in this case provides that claims under the FTCA may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  The mere involvement of a federal agency that is officed within the district does not automatically confer venue.  *Spotts v. U.S.*, 562 F. Supp. 2d 46, 55 (D.D.C. 2008) (quotation omitted).

### III.   Discussion

In the present case, the Plaintiff resides in Little Rock, Arkansas, which is in the Eastern District of Arkansas.  (ECF No. 1, pp. 1, 13, 14, 16).  Further, the alleged actions at issue in this case occurred at Al Udeid Air Base in Qatar and Barksdale Air Force Base in Louisiana.  The Plaintiff also lists other out of state bases and laboratories that may have colluded with the Defendants.  (ECF No. 1, p. 3).  There is, however, no allegation that any act occurred in the Western District of Arkansas.  And the mere fact that the Plaintiff has named the Acting United States Attorney for the Western District of Arkansas as a defendant in the case is not sufficient to establish venue.  *Spotts*, 562 F. Supp. 2d at 55.

Having established that venue is not proper in the Western District of Arkansas, we must turn our attention to the question of whether it would be "in the interest of justice" to transfer this

case to Eastern District of Arkansas, the district where the Plaintiff resides. In so doing, we note that the Plaintiff has had three prior cases dismissed by the Eastern District of Arkansas. *See Hollis v. DARPA and AFRL*, No. 22-CV-1042-KGB (E.D. Ark. 2023); *Hollis v. DARPA and AFRL*, No. 23-00731-DPM (E.D. Ark. 2024), affirmed on appeal in *Hollis v. DARPA, et al.*, No. 24-2042 (8th Cir. July 3, 2024); and *Hollis v. DARPA, et al.*, No. 24-00669-DPM (E.D. Ark. 2024). The first case was dismissed because he failed to properly present his FTCA claims to the DARPA and the Air Force Research Lab ("AFRL"). *Hollis*, No. 22-CV-1042-KGB, ECF No. 9. The other two were dismissed due to sovereign immunity. *Hollis*, No. 23-00731-DPM, ECF No. 21; *Hollis*, No. 24-00669-DPM, ECF No. 6.

In 23-CV-00731-DPM and 24-CV-00669-DPM, similar claims were filed by the Plaintiff against the DARPA, the United States Attorney General, and the United States Attorney for the Eastern District of Arkansas. In those cases, United States District Judge D. P. Marshall, Jr. dismissed the case because the Plaintiff had not named the United States as a defendant, noting that the FTCA does not waive sovereign immunity for federal agencies. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475-79 (1994). He went on to state that even if the case had been properly brought against the United States, the claim would fail because the *Feres* doctrine bars claims related to military service. *Feres v. United States*, 340 U.S. 135 (1950).

In the *Feres* case, the United States Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. While there is no bright-line rule for determining whether conduct is incident to service, a suit that calls into question military management or may intrude upon sensitive military affairs is barred by the *Feres* doctrine. *See United States v. Stanley*, 483 U.S. 669, 682, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987); *United States*

*v. Shearer*, 473 U.S. 52, 57, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985)); *see also Beck v. United States*, 2025 WL 78357, * 2-3 (8th Cir. 2025).

Given Plaintiff's history of litigation in the Eastern District of Arkansas and their prior determinations that his claims against the United States are barred by the *Feres* doctrine, the undersigned believes a transfer of venue in this case would be futile. *See Campbell v. Bennett*, 2022 WL 1673113, * 2 (11th Cir. 2022) (finding no abuse of discretion when case had already been rejected by the court having proper venue and said decision affirmed by the appellate court); *Gunter v. Lender*, 2016 WL 4083313, * 2 (D. D.C. 2016) (dismissing case where court with proper venue had already dismissed a complaint from the Plaintiff that raised the same claims); *O'Dell v. U.S.*, 2011 WL 38991, * 1 (E.D. Ark. Jan. 5, 2011) (dismissing FTCA case for improper venue); *Belcher v. West*, 2008 WL 553276, * 1 (M.D. Ga. Feb. 27, 2008) (holding transfer of case not in interest of justice because suit was barred by doctrine of judicial immunity); *Lacefield v. Big Planet*, 2008 WL 1733357 (D. Utah 2008) (dismissing case due to the tenuousness of Plaintiff's allegations and fact that lawsuit was essentially a rehash of an unsuccessful suit previously filed in the Western District of Tennessee). Accordingly, it is recommended that the case be dismissed.

### IV. Conclusion

Based upon the foregoing, it is RECOMMENDED that the Defendants' Motion to Dismiss (ECF No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(3) be GRANTED, and the Plaintiff's Complaint dismissed without prejudice.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties**

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of January 2025.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE