IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**KELLY RAY HOLLIS, III**                                                                                    **PLAINTIFF**

V.                                    CASE NO. 2:24-CV-2130

**MERRICK GARLAND, United States Attorney General;**
**DAVID CLAY FOWLKES, Acting United States Attorney**
**for the Western District of Arkansas; and**
**STEFANIE TOMPKINS, Director of**
**the Defense Advanced Research Project Agency**                                    **DEFENDANTS**

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 11) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. The Magistrate Judge recommends granting Defendants' Motion to Dismiss, or in the alternative, to Transfer Venue (Doc. 8) and dismissing the case without prejudice. Plaintiff filed Objections to the R&R (Doc. 14) on February 6, 2025, which prompted this Court to review the entire case file *de novo*.

On October 11, 2024, Plaintiff brought claims against Defendants under the Federal Tort Claims Act ("FTCA"), alleging that during his career in the United States Air Force, Plaintiff was subjected to severe intentional infliction of emotional distress as part of a non-consensual human enhancement experiment. He asserts that Defendants exposed him to psychological hazing, mind distortions, extreme sleep deprivation, extreme experimental regimes, and abnormal communication. In the R&R, the Magistrate Judge explains that venue is not proper in the Western District of Arkansas, but that the case should not be transferred to the Eastern District of Arkansas—a more appropriate

venue—because the claims are futile. In the Magistrate Judge's view, Plaintiff's FTCA claims arise out of or otherwise relate to his military service, so they are barred under the *Feres* doctrine. *See Feres v. United States*, 340 U.S. 135 (1950).

Plaintiff's first objection to the R&R is that venue is proper in the Western District of Arkansas because he currently lives in Fort Smith. This justification is insufficient to establish venue, given the tort claims at issue here. Second, he asserts that the *Feres* doctrine should not bar his claims because he felt the effects of Defendants' tortious conduct *after* he separated from the military, when he was a civilian. (Doc. 14, p. 3). As the R&R correctly notes, "While there is no bright-line rule for determining whether conduct is incident to service, a suit that calls into question military management or may intrude upon sensitive military affairs is barred by the *Feres* doctrine." (Doc. 11, p. 4). Plaintiff's Complaint alleges that Defendants committed tortious acts against him while he was a soldier serving in the United States Air Force. Assuming those allegations are true, the *Feres* doctrine would bar Plaintiff's claims—even though he felt some of the effects of Defendants' tortious conduct after he separated from the military.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections (Doc. 14) are **OVERRULED**, and the R&R (Doc. 11) is **ADOPTED IN ITS ENTIRETY**. Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**, and the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED** on this 20th day of February, 2025.

*Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE